# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43481

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 711 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 29, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JIMMY CARLTON MOORE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction, <u>affirmed</u>; order of restitution, <u>reversed</u>; and <u>case remanded</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Jimmy Carlton Moore appeals from the district court's conviction for one count of felony domestic battery and one count of misdemeanor resisting or obstructing law enforcement. Moore argues the district court abused its discretion by admitting an audio recording as an exhibit and by awarding restitution. Because the audio recording was relevant and not unduly prejudicial, we affirm the district court's judgment of conviction and decision on these grounds. However, because the restitution amount included three claims unrelated to the injuries at issue, we reverse the restitution order and remand the case to the district court for further factual findings.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Moore had an altercation with his wife. As a result of the altercation, Moore's wife sustained a black eye and three non-displaced fractures around her eye. Moore testified he accidentally hit his wife when she approached him from behind. In contrast, Moore's wife explained Moore intentionally punched her in the face. During the altercation, Moore's wife called 911, but did not speak directly into the phone. Instead, she placed the phone between the cushions of a chair, making it difficult to hear or comprehend any ensuing conversation between Moore and his wife. Police used the ongoing 911 call to locate Moore's home. Upon arrival, the police arrested Moore.

Moore was charged with felony domestic battery and misdemeanor resisting and obstructing officers. At trial, the State sought to play the recorded 911 call made by Moore's wife. Moore made an objection before trial, but the district court allowed the recording into evidence, ruling it was relevant and not unduly prejudicial.

The jury convicted Moore of felony domestic battery and misdemeanor resisting and obstructing law enforcement. Moore also pleaded guilty to a persistent violator sentencing enhancement. The district court sentenced Moore to a unified sentence of twelve years, with four years determinate, for the felony domestic battery conviction and 120 days of jail for the misdemeanor resisting and obstructing.

At the restitution hearing, the restitution coordinator testified that Medicaid had reimbursed the medical care providers for the cost of treating Moore's wife. Moore argued against any restitution, and successfully established that some claims were unrelated to injuries in this case. As a result, the district court reduced the requested amount by $328.00 to reflect these pre-existing conditions, for a total restitution amount of $5,356.30. Moore timely appeals.

# II.

## ANALYSIS

Moore raises two issues on appeal. Moore argues the district court abused its discretion by admitting the recorded 911 call and by ordering restitution for medical expenses.

### A.     Evidence Was Relevant and Not Unduly Prejudicial

Moore argues the 911 recording was irrelevant and prejudicial, and therefore, should not have been admitted into evidence. Moore contends the recording has little relevance because the

content of the conversation is almost entirely unintelligible, and the few coherent statements are prejudicial in depicting Moore's dominating tone and angry demeanor. The State responds the recording is relevant and not unfairly prejudicial because it corroborates the victim's account of the incident and contains admissions by Moore. We hold that the district court did not abuse its discretion by admitting the audio recording because it was relevant and not unduly prejudicial.

### 1. The audio recording was relevant

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). A lower court's determination under Idaho Rule of Evidence 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

The Idaho Supreme Court has held a district court abuses its discretion when it fails to conduct the I.R.E. 403 balancing test before admitting or excluding evidence. *State v. Parker*, 157 Idaho 132, 139, 334 P.3d 806, 813 (2014). In *Parker*, the Court found that a district court is required to address "whether the probative value is substantially outweighed by one of the considerations listed" in I.R.E. 403, and a failure to do so is an abuse of discretion. *Parker*, 157 Idaho at 139, 334 P.3d at 813 (citing *State v. Ruiz*, 150 Idaho 469, 471, 248 P.3d 720, 722 (2010)). However, an improper evidentiary ruling may be deemed to be harmless if the error does not affect a substantial right of the defendant. *Parker*, 157 Idaho at 139-40, 334 P.3d at 813-14. In such a case, the burden is on the State to "prove 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* at 140, 334 P.3d at 814 (citing *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010)).

Moore argues the audio recording is not relevant. Moore focuses on the quality of the recording and asserts the unidentifiable and unintelligible recording is not relevant to the events

3

that took place. However, in the course of his argument, Moore admits to the relevance of the evidence, even if this admission acknowledges that "the audio recording was only marginally relevant." To be relevant, evidence need not satisfy a strict standard and thus, marginal relevance is sufficient. Consequently, because the audio recording has a tendency to identify Moore at the scene and corroborate a theory of the case, it is relevant.

### 2. The audio recording was not unduly prejudicial

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. I.R.E. 403; *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). The Idaho Supreme Court has previously explained the weighing process that a district court must use in determining whether to admit or exclude evidence under I.R.E. 403:

> The rule creates a balancing test. On one hand, the trial judge must measure the probative worth of the proffered evidence. The trial judge, in determining probative worth, focuses upon the degree of relevance and materiality of the evidence and the need for it on the issue on which it is to be introduced. At the other end of the equation, the trial judge must consider whether the evidence amounts to unfair prejudice. . . . Only after using this balancing test, may a trial judge use his discretion to properly admit or exclude the proffered evidence.

*Davidson v. Beco Corp.*, 114 Idaho 107, 110, 753 P.2d 1253, 1256 (1987) (citations omitted). Evidence should be excluded as unfairly prejudicial if it invites inordinate appeal to lines of reasoning outside of the evidence or emotions which are irrelevant to the decision-making process. *State v. Rhoades*, 119 Idaho 594, 604, 809 P.2d 455, 465 (1991).

An I.R.E. 403 balancing determination by the district court is reviewed for an abuse of discretion. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

On appeal, Moore argues the probative value of the recorded 911 call was limited and any value was substantially outweighed by the prejudicial and confusing nature of the recording. Moore objects to the district court playing the recording at length. He contends the eleven-minute clip was almost entirely unidentifiable, and yet it clearly and prejudicially demonstrated

4

the harsh and angered tone used by Moore during the argument. Moore also alleges the State used the recording to mislead and inflame the jury by demonstrating the defendant's intent to commit battery and subsequent admissions, "I did that" and "I admit it." In response, the State argues the audio recording is not only highly probative to corroborate allegations of Moore's behavior, state of mind, and intentions, but also no more prejudicial than necessary in a domestic battery case. The State also explains the recording did not mislead the jury because Moore testified at trial to clarify the admissions, and therefore, allowed the jury to reach its own conclusions on the context of the admissions.

The district court did not abuse its discretion by admitting the audio recording. The court understood this to be a discretionary decision and applied the proper legal standards in arriving at its decision. The recording was not played in its entirety, since the State agreed to redact each reference to Moore's prior jail time. The district court determined the redacted tape was not only relevant, but also valuable to corroborate the victim's account of the incident. In considering the potential prejudice, the district court offered the following analysis:

> I've considered these things. It seems to me that without making out the words, the tape, the existence of the tape, the reasons for the tape, the recorded statements are relevant, and, weighing the probative value against the danger of unfair prejudice, confusion of the issues or misleading the jury or by considerations of undue delay or waste of time or knew this presentation of accumulative evidence as an exercise of discretion, I have determined that its probative value is not substantially outweighed by any of those dangers. As a consequence, I will allow the state to admit the redacted recording.

We agree that the value and relevance are not outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, especially after the redaction. We conclude the district court used the proper analysis and applied the appropriate legal standards and therefore, the admission of the audio recording was not an abuse of discretion.

**B.     Restitution Payments Failed to Accurately Account for Injuries**

Moore argues the district court abused its discretion by ordering restitution for medical expenses because the court did not have substantial evidence to support the award. The State responds although the award was not accurate in its entirety, the majority of the restitution award was supported by substantial evidence.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the

factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333.

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). Actual cause refers to whether a particular event produced a particular consequence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. A "but for" test of actual cause is used in circumstances where there is only one cause or where two or more possible causes were not acting concurrently. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757.

Proximate cause focuses on the foreseeability of the injury, requiring us to determine whether the injury and manner of occurrence were so highly unusual that we can say, as a matter of law, that a reasonable person, making an inventory of the possibilities of harm that his or her conduct might produce, would not have reasonably expected the injury to occur. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *State v. Houser*, 155 Idaho 521, 525, 314 P.3d 203, 207 (Ct. App. 2013). The causal chain linking a defendant's criminal conduct to the economic loss suffered by a victim may be severed by an independent act or force constituting an intervening, superseding cause. *Corbus*, 150 Idaho at 602, 249 P.3d at

6

401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *Houser*, 155 Idaho at 525, 314 P.3d at 207. In general, an intervening, superseding cause replaces the defendant's act as the proximate cause of the victim's injury. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374-75, 223 P.3d at 757-58; *Houser*, 155 Idaho at 525, 314 P.3d at 207. However, to relieve a defendant of criminal liability, an intervening, superseding cause must be an unforeseeable and extraordinary occurrence. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207. The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his or her act. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207.

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

Here, the district court initially ordered Moore to pay $5,684.30 in restitution. The evidence of restitution consisted of testimony from the restitution coordinator and a Medicaid ledger, which documented all payments from the date of the incident and the subsequent six months (November 29, 2014, to June 1, 2015). The restitution coordinator explained she contacted paramedics and the hospital, where she learned Medicaid was involved. She then contacted Medicaid to learn the pay-out amount and determined billing amounts from other private medical groups. During the testimony of the restitution coordinator, the State entered an exhibit containing a Medicaid ledger, the hospital's account inquiry, a ledger from the radiology group, a hospital billing statement, and a paramedic's invoice. The coordinator explained the medical bills related to the injuries in this case and the amount of restitution ($5,684.30) reflected the amount owed to Medicaid, who paid the medical bills on behalf of Moore's wife. However, during cross-examination, the restitution coordinator admitted she analyzed the

7

amount according to the Medicaid request, and would have no knowledge if the charges related to pre-existing conditions.

After hearing the testimony and examining the amounts listed in the ledgers, the district court determined several medications listed were a result of pre-existing conditions unrelated to the injuries in this case. The district court explained, "With respect to the medications that [the victim] was on before the incident, I don't think the State has satisfied its burden of proof that these are related to the incident, so I'll deduct those from any restitution that I order." The district court reduced the restitution amount by $328.00. We hold there was sufficient evidence to support this determination.

Moore argues on appeal there is not substantial and competent evidence to support the reduced award of $5,356.30 because it contains expenses unrelated to the domestic violence crime. Moore asserts the award should be vacated in its entirety as a result. In response, the State argues the entire restitution award should not be vacated. The State admits three claims on the Medicaid ledger--which total $172.31--appear to be unrelated to the injuries caused by Moore. Nevertheless, the State argues all other expenses are for medical treatment resulting from Moore's criminal conduct and, therefore, support the district court's award independent of the three unrelated claims.

The amount required for restitution is a factual determination for the district court to decide. The State concedes there are claims on the Medicaid ledger that are unrelated to the injuries caused by Moore. In doing so, the State implicitly agrees the restitution amount, as a whole, is not supported by substantial and competent evidence that the medical expenses paid by Medicaid were the result of Moore's criminal conduct. While many of the individual expenses may be the result of Moore's criminal conduct and may be supported by substantial and competent evidence, it is not appropriate for this Court to parse through pages of medical records to determine which, if any, individual entry is supported by the evidence and/or is causally related to Moore's criminal conduct. That is a factual determination for the district court to make. Similarly, making an adjustment to the district court's restitution calculations based on concededly erroneous amounts is not an appropriate role for this Court. This Court must determine whether, as a whole, the restitution order is correct. Based on the State's concession, the amount awarded is incorrect. The amount of the error is irrelevant. The district court is in the best position to make factual findings regarding which medical expenses are related to

8

Moore's criminal conduct to determine the appropriate amount of restitution. Therefore, because the restitution order is incorrect, we reverse the district court's order and remand for further factual findings.

## III.

## CONCLUSION

For the reasons set forth above, we affirm the district court's judgment of conviction and ruling that the audio recording was relevant and not unduly prejudicial. However, we reverse the restitution order and remand the case to the district court for further factual findings.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.