# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45601

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 10, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL THERON HAYES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Samuel Hoagland, District Judge.

Order denying subpoena requests, <u>reversed</u>; judgment of conviction, <u>vacated</u>; and <u>case remanded for a new trial</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Michael Theron Hayes appeals from his judgment of conviction for battery on a correctional officer.  Hayes argues the district court:  (1) erred by failing to issue subpoenas for two medical professionals; (2) abused its discretion by allowing the State to inquire into prior instances of Hayes' disrespectful conduct toward correctional officers and inmates; and (3) abused its discretion by denying Hayes' motion for a new trial.  The district court's order denying Hayes' request to subpoena the two medical professionals is reversed, the judgment of conviction is vacated, and the case remanded for a new trial.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Three correctional officers testified that during an infraction hearing, Hayes, an inmate, became aggressive and non-compliant, kicking one of the officers in the shin and grabbing

1

another's groin. The State charged Hayes with two counts of felony battery on a correctional officer with a persistent violator sentencing enhancement.

Before trial, Hayes filed a request for subpoenas, which included requesting Doctor April Dawson and Nurse Kevin Kaae, two contract employees of the prison, to be called to provide testimony that Hayes was injured by the correctional officers' use of force. Specifically, Hayes expected Dawson and Kaae to testify that: (1) an analysis before the altercation showed no blood in Hayes' urine; (2) Hayes was handicapped and disabled at the time of the altercation; (3) the three prison guards assaulted and battered Hayes while he was in shackles and handcuffs; (4) the guards' use of force injured Hayes, bruising his internal organs and causing internal bleeding for over thirty-eight days; (5) four analyses after the altercation showed blood in Hayes' urine; (6) blood tests and ultrasounds showed Hayes did not have a disease which would cause blood to appear in his urine; and, ultimately, (7) "through a process of reliable scientific medical testing the process of elimination clearly shows [sic] that all internal injuries were caused by the 3 prison guards who . . . severely beat and battered" Hayes. The district court denied the request for subpoenas, finding that neither Dawson's nor Kaae's testimony would be relevant to the question of whether Hayes committed battery upon the two correctional officers.

Also before trial, the State filed a motion in limine, asking the district court to rule that any questions related to the Idaho Department of Correction's (Department) procedure for infraction hearings were irrelevant to whether Hayes committed battery upon the two correctional officers. The district court granted the motion in limine.

At trial, Hayes testified that he was the victim of the altercation, that he had been battered by the correctional officers without provocation, and that he did not batter the correctional officers in return. Hayes testified that he sustained injuries to his back, shoulder, wrists, and hip area, causing him to urinate blood for over a month. He also testified that he provided urine samples containing blood for analysis.

Another registered nurse contracted to work at the prison, Gary Rich, testified he examined Hayes within a half hour of the altercation. Rich was unable to see or feel any injury on Hayes' back, but Rich noticed slight lacerations on Hayes' wrists from the handcuffs he had been wearing during the infraction hearing. Rich testified that he never conducted an analysis of Hayes' urine.

Hayes also testified that he was always respectful of other inmates and correctional officers. Outside the presence of the jury, the State requested it be allowed to inquire into multiple instances of Hayes' prior conduct showing disrespect for other inmates and correctional officers. Despite Hayes' objections and argument, the district court permitted the State to inquire into the prior conduct, ruling that the instances of prior conduct were admissible under Idaho Rule of Evidence 608 as relevant to Hayes' credibility as a witness and character for truthfulness on the stand. The district court also ruled that an inquiry into these prior instances of conduct would not be unduly prejudicial. When questioned, Hayes denied that any of the prior instances of disrespect occurred. Later in the trial, the district court provided the following instruction to the jury: "Evidence, elicited from the Defendant on cross-examination was admitted for a limited purpose related to Defendant's credibility. That evidence should not be considered by you for any purpose other than the limited purpose for which it was admitted." The district court also instructed the jury that "Certain things you have heard or seen are not evidence, including [] arguments and statements by lawyers . . . . What they say in their opening statements, closing arguments and at other times is included to help you interpret the evidence, but is not evidence."

After its deliberations, the jury found Hayes guilty of only one count of battery--the battery committed by kicking an officer's shin. The State voluntarily dismissed the persistent violator enhancement. Nearly five months after trial but before sentencing, Hayes moved the district court for a new trial arguing, among other things, that the district court erred by granting the State's motion in limine to prohibit any questions related to the Department's procedure for infraction hearings. The district court denied the motion, reaffirming its original conclusion that the Department's procedure for infraction hearings was irrelevant to whether Hayes committed battery upon the two correctional officers and adding that even if relevant, inquiring into the Department's procedure would be inadmissible under I.R.E. 403 as a waste of time, confusing the issues, and misleading the jury.

The district court imposed a determinate sentence of two and one-half years fixed. Hayes timely appeals.

## II.

## ANALYSIS

Hayes argues the district court: (1) erred by failing to issue subpoenas for two medical professionals; (2) abused its discretion by allowing the State to inquire into prior instances of

3

Hayes' disrespectful conduct toward correctional officers and inmates; and (3) abused its discretion by denying Hayes' motion for a new trial.

**A.      The District Court Erred by Failing to Issue Subpoenas for the Medical Professionals Hayes Requested**

The State argues this Court need not reach the merits of Hayes' argument concerning the subpoenas for Dawson and Kaae because the issue is moot. The State notes that Hayes' request for subpoenas was made pro se. Afterwards, Hayes received counsel, but his counsel did not request subpoenas for Dawson or Kaae or call them as witnesses at trial. The State contends that when Hayes invoked his right to counsel, he also surrendered any legally cognizable interest in having certain witnesses testify at trial because the decision of which witnesses to call is a strategic and tactical choice left entirely to counsel. That Hayes' counsel did not call Dawson or Kaae as a witness, the State argues, is an issue properly addressed as an ineffective assistance of counsel claim on post-conviction, not one for this Court to decide in this direct appeal.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010).

The State's argument does not properly account for the breadth of the district court's ruling concerning Hayes' subpoena request: "The court does not find that any evidence that might be offered by Dr. April Dawson or Kevin Kaae is relevant to the question of whether or not the defendant committed this crime. Therefore, they would not be allowed under any circumstance." Even assuming for the purpose of argument that when a pro se defendant invokes his right to counsel, he loses a legally cognizable interest in which witnesses should be called at his trial, the district court's unequivocal ruling also barred Hayes' counsel from calling Dawson or Kaae to testify. Thus, Hayes retains a legally cognizable interest in the outcome of this issue, one that is capable of being remedied through judicial relief. This issue is not moot, and therefore, we proceed to its merits.

4

Hayes' argument that the district court should have granted his request to subpoena Dawson and Kaae essentially boils down to a question of relevance. Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). "[B]ias, prejudice, or motive of a witness to lie concerning issues presented in a trial is always material and relevant to effective cross-examination." *State v. Araiza*, 124 Idaho 82, 91, 856 P.2d 872, 881 (1993). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

The district court and the State frame the relevance question of Dawson's and Kaae's expected testimony differently than Hayes. The district court's and the State's position is that no evidence of any injury Hayes sustained could possibly be relevant to whether Hayes battered the two officers because it would bear no relationship to the elements of battery. Hayes, however, argues his injuries are relevant to his defense that he was innocent of battering the two officers and that the officers battered him and then claimed he battered them in order to cover up the battery they committed. Thus, Hayes argues that establishing proof of the injuries he sustained goes to his defense by exposing the correctional officers' motive to lie. Hayes further argues that because the issue is one of credibility, evidence corroborating his version of events, such as the medical evidence, makes it more likely that his version of the events is true and, therefore, is relevant.

We conclude that Dawson's and Kaae's expected testimony bears a relationship to Hayes' defense of actual innocence and the correctional officers' motive to lie. If admitted, these statements could call into question the credibility of the correctional officers' testimony that Hayes kicked one officer in the shin and grabbed the groin of another. This is because the documents could show that the correctional officers' version of the events was inconsistent with the injuries sustained by Hayes and thus, their credibility would be challenged by the extent of Hayes' injuries. Additionally, these statements could call into question the credibility of Rich's

5

assessment of Hayes' injuries. For example, if either Dawson or Kaae testified that the officers' use of force bruised Hayes' internal organs and caused internal bleeding, the jury would be left to evaluate whether Rich had testified truthfully about Hayes having no injuries other than those caused by handcuffs. Moreover, it would make Hayes' narrative--that he was the victim of the altercation instead of the aggressor--seem more probable and thereby make it less probable that Hayes committed the battery. Thus, Dawson's and Kaae's expected testimony is relevant to the question of whether Hayes committed a battery upon the two correctional officers by challenging the credibility of the officers. The district court erred by concluding the proffered testimony was irrelevant and consequently denying Hayes' request to issue subpoenas for their testimonies.

The State argues that any error in this ruling was harmless. The State contends that: (1) Hayes never offered evidence to show that Dawson or Kaae could testify that his injuries were caused by the correctional officers; and (2) Dawson's and Kaae's expected testimony would have been excluded at trial for being too speculative under I.R.E. 403.

The Idaho Supreme Court articulated the harmless error standard in *State v. Montgomery*, 163 Idaho 40, 408 P.3d 38 (2017):

> "A defendant appealing from an objected-to, non-constitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *Perry*, 150 Idaho at 222, 245 P.3d at 974. "In other words, the error is harmless if the Court finds that the result would be the same without the error." *State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013).

*Montgomery*, 163 Idaho at 46, 408 P.3d at 44.

Using this standard, we do not find the district court's error to be harmless. We look at the entire record and the evidence produced at trial to determine whether we can find beyond a reasonable doubt that Hayes would have been convicted of battery even if Dawson and Kaae were permitted to testify at Hayes' trial.

Neither of the State's harmless error arguments withstand review. First, Hayes, in his motion to receive a medical expert at public expense and in the various hearings following the motion, stated that he expected Dawson and Kaae to testify that his injuries were caused by the correctional officers. Second, if admitted at trial, Dawson's and Kaae's expected testimony purports to not be unduly speculative, but based in analyses of Hayes' pre- and post-altercation urine, ultrasounds, and other examinations. Their testimony, as stated above, would bear a relationship to the jury's determination of the credibility of Hayes and the witnesses. Moreover,

the State argued in closing argument that Hayes failed to provide any evidence of the injuries he sustained and that the only evidence of injuries--the injuries to Hayes' wrists--corroborated the testimony of one of the correctional officers. The State further argued that the correctional officer was "never caught with an inconsistent statement." For the State to emphasize that the State's witnesses were more credible because Hayes failed to establish any evidence of his injuries or that he failed to expose inconsistent statements (which he could not do without the medical evidence) further illustrates why the exclusion of the medical evidence was not harmless. Thus, the State has failed to prove, beyond a reasonable doubt, that the result of Hayes' trial would be the same without the district court's error.

**B.** **The District Court Abused Its Discretion by Allowing the State to Inquire Into Hayes' Prior Instances of Disrespectful Conduct Toward Correctional Officers and Inmates Under Idaho Rule of Evidence 608**

Hayes contends the district court abused its discretion by allowing the State to inquire into prior instances of Hayes' disrespectful conduct toward correctional officers and inmates. The State argues, as the district court ruled, that an inquiry into the prior instances of disrespect was admissible under I.R.E. 608(b) because it demonstrated the untruthfulness of Hayes' trial testimony. Hayes argues that the prior instances of conduct were not relevant to Hayes' character for truthfulness, but to his character for respectfulness, a characteristic into which I.R.E. 608(b) does not permit an inquiry. Thus, Hayes argues these prior instances of disrespect were improperly admitted in order to contradict Hayes' testimony that he was always respectful to correctional officers and inmates.

Whether to admit evidence under I.R.E. 608 is a matter of discretion for the trial court. *State v. Bergerud*, 155 Idaho 705, 710, 316 P.3d 117, 122 (Ct. App. 2013). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

At the time of Hayes' 2017 trial, I.R.E. 608(b) read, in relevant part, as follows:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility, of the witness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or

7

untruthfulness, be inquired into on cross-examination of the witness concerning (1) the character of the witness for truthfulness or untruthfulness . . . .

Idaho Rule of Evidence 608 governs inquiries into a witness's character for truthfulness or untruthfulness. *See* I.R.E. 608 (2018) (renaming the rule, "A witness's character for truthfulness or untruthfulness"). Other jurisdictions similarly interpret their corresponding rules of evidence. *See* U.R.E. 608(b); *State v. Corona*, 436 P.3d 174 (Utah Ct. App. 2018); W.R.E. 608(b); *Garner v. State*, 264 P.3d 811, 817-18 (Wyo. 2011); *Lawrence v. State*, 171 P.3d 517, 523-24 (Wyo. 2007). Thus, the question here is whether the prior instances of Hayes' disrespectful behavior that the State inquired into at trial are probative of Hayes' character for truthfulness or untruthfulness.

In *Corona*, a defendant was charged with and convicted of various crimes, including aggravated murder. *Corona*, 436 P.3d at 176. Corona called his girlfriend as a witness. *Id.* at 178. The girlfriend made various contradictory pretrial statements regarding Corona's involvement in the murder at issue and regarding Corona's involvement in a previous shooting at an auto parts store. *Id.* at 177-178. Ballistics analysis of bullet casings recovered at the auto parts store shooting showed the same gun was used in both shootings. *Id.* at 177. Other forensic evidence placed Corona at the scene of both crimes. *Id.* at 177-78.

At trial, the girlfriend testified that she, not the defendant, had shot and killed the victim in the current case. *Id.* at 178. The girlfriend also testified that she got the gun from someone other than Corona. *Id.* The girlfriend's trial testimony was contrary to her previous statements that the defendant was involved in the shooting at issue, as well as the auto parts store shooting. *Id.* The State argued the witness had opened the door to the admission of her pretrial statements, the ballistics analysis, and the other forensic evidence. *Id.* The State wished to use this evidence to demonstrate the girlfriend's trial testimony was untruthful, thereby showing the first shooting and the shooting at issue were both committed by the defendant. *Id.* The State moved to admit the evidence, and it was admitted by the district court. *Id.*

On appeal, Corona challenged the admission of the evidence on the grounds, among others, that the evidence could not have been admitted pursuant to Utah Rule of Evidence 608. *Corona*, 436 P.3d at 179. The Utah Court of Appeals affirmed the district court's ruling, explaining:

> Rule 608 of the Utah Rules of Evidence governs what evidence may be introduced to attack or support a witness's character for truthfulness or

8

untruthfulness. The AutoZone shooting evidence is not an instance of conduct that attacks or supports Witness's character for truthfulness or untruthfulness; rather, it is substantive evidence that rebuts Witness's testimony that she shot Victim. "[O]nce the defendant offers evidence or makes an assertion as to any fact, the State may cross-examine or introduce on rebuttal any testimony or evidence which would tend to contradict, explain or cast doubt upon the credibility of [that evidence]." *See State v. Thompson*, 2014 UT App 14, ¶ 30, 318 P.3d 1221 (cleaned up). Accordingly, once defense counsel presented testimony that Witness, not Corona, had the gun, the State could properly use extrinsic evidence to prove that this assertion was arguably, and in the State's view demonstrably, false. The evidence did not address Witness's character for truthfulness or any other character trait. Instead, the evidence presented here provided a basis for the fact finder to conclude that Corona possessed and used the same gun weeks before Victim's murder, contradicting Witness's testimony.

*Id.* Here, Hayes testified that he was always respectful of other inmates and correctional officers. In response, the State sought to inquire into instances of Hayes' prior conduct showing disrespect for other inmates and correctional officers. The State claims this was an inquiry into Hayes' character for truthfulness because the prior instances of conduct would demonstrate that Hayes' trial testimony was untruthful. However, I.R.E. 608 is not used to demonstrate that trial testimony is untruthful, but is instead used to demonstrate prior instances of untruthfulness.

An examination of the instances of conduct into which the State inquired shows the instances do not bear upon Hayes' character for truthfulness, but upon his character for disrespect. For example, the State asked Hayes whether he had threatened to knock an officer through a wall, cursed at officers on multiple occasions, and yelled vulgar epithets at others. None of these instances indicate whether Hayes generally possesses a character for truthfulness or untruthfulness. Thus, the district court failed to apply I.R.E. 608 consistently with the facts before it because I.R.E. 608 governs inquiries only into a witness's character for truthfulness or untruthfulness. The court therefore abused its discretion by allowing the State's inquiry under I.R.E. 608.

The State, for the first time on appeal, argues the inquiry would be admissible under I.R.E. 607. In the evidentiary hearing below, the district court specifically asked under what rule of evidence Hayes' prior instances of conduct could be admitted. The State replied that "608(b) is the rule" and did not articulate any other basis for admitting the testimony. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396

P.3d 700, 704 (2017). Thus, we decline to address I.R.E. 607 as a basis of admissibility for the inquiry into prior instances of Hayes' conduct.

The State argues that even if the district court's abuse of discretion in admitting the instances of disrespect under I.R.E. 608(b) was error, any error was harmless. This Court disagrees. As discussed above, this issue came down to credibility of the witnesses. Erroneously admitting multiple instances of Hayes' prior conduct necessarily affected the jury's perception of Hayes' credibility. Consequently, we find in light of the record in this case, the error was not harmless.

**C.      This Court Need Not Address Whether the District Court Erred by Denying Hayes' Motion for New Trial**

Hayes argues the district court abused its discretion by denying his motion for new trial which reaffirmed its pretrial ruling granting the State's motion in limine that barred Hayes from asking the correctional officers about the prison's infraction hearing procedures. Hayes contends the district court erred in its pretrial ruling, meriting a new trial under Idaho Code § 19-2406(5).

The State argues this Court need not reach the merits of Hayes' argument because Hayes has failed to present a reviewable claim of error. The State contends Hayes has failed to articulate what prison procedures the correctional officers violated during the altercation and thus, without any citation to evidence, this Court should decline to review Hayes' argument. Because we have determined that, based on the first two errors, Hayes' judgment of conviction must be vacated and a new trial held, we need not address this final issue.

## III.

## CONCLUSION

The district court erred by failing to issue subpoenas for the medical professionals Hayes requested. The district court abused its discretion by allowing the State to inquire into Hayes' prior instances of disrespect towards correctional officers and inmates under I.R.E. 608. Therefore, the district court's order denying Hayes' request to subpoena the two medical professionals is reversed, the judgment of conviction is vacated, and the case remanded for a new trial.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.

10