## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 33691

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | Boise, January 2010 Term |
|  | ) |  |
| Plaintiff/Respondent, | ) | 2010 Opinion No. 11 |
| v. | ) |  |
|  | ) | Filed: February 1, 2010 |
| DAVID LEON JOHNSON, | ) |  |
|  | ) | Stephen W. Kenyon, Clerk |
| Defendant/Appellant. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Minidoka County. Hon. John M. Melanson, District Judge.

Appellant's conviction is <u>vacated</u> and this case is <u>remanded</u> for further proceedings.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Elizabeth Allred argued.

Hon. Lawrence G. Wasden, Attorney General, for respondent. Kenneth Jorgensen argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

The appellant, David Leon Johnson, was convicted of two counts of lewd and lascivious conduct for allegedly molesting his daughter in 2004 when he had sole custody of her over spring break. He appeals the district court's admission of evidence showing that he had molested his little sister when he was a teenager. Johnson also appeals the admission of other testimony that his daughter only thought he had abused her because she accidentally observed him masturbating and watching pornography.

### II. FACTUAL AND PROCEDURAL BACKGROUND

David Leon Johnson, the appellant, was charged with three counts of lewd and lascivious conduct with a minor under sixteen pursuant to I.C. § 18-1508. He was charged for offenses he allegedly committed against his daughter, A.J., who was between six and seven years old at the

1

time of the charged conduct. Mr. Johnson had a home in Paul, Idaho, with his wife and five children at the time. The first two counts allegedly occurred over the first weekend of spring break, 2004. Michelle Johnson, Mr. Johnson's wife at the time, purportedly took the couple's children to Utah to visit her parents but left A.J. behind with Mr. Johnson. A.J. testified that while she was home alone with Mr. Johnson he molested her on two occasions. First, he allegedly touched and penetrated A.J.'s genitalia with his hands, made A.J. touch his penis manually until he ejaculated, and then forced her to lick chocolate off of his penis. Second, Mr. Johnson allegedly attempted to penetrate A.J. in the shower by lifting her up and onto his penis. The third count alleged that Mr. Johnson molested his daughter over the Memorial Day weekend of 2005. Mr. Johnson was acquitted of this charge.

At trial, Mr. Johnson denied any sexual misconduct and disputed the State's theory that he was ever home alone with A.J. over spring break of 2004. Over the defense's objection, Mrs. Johnson testified that A.J. reported being abused to her in 2004 and that when Mrs. Johnson confronted Mr. Johnson about it, Mr. Johnson claimed that A.J. had walked in on him masturbating while watching pornography and was simply confused. The prosecution was also permitted to introduce evidence, again over objection, that Mr. Johnson had molested his younger sister when she was approximately eight years old and he was between fifteen and sixteen. The trial court also excluded as untimely disclosed a personal journal belonging to Mr. Johnson's sister and a work log completed by Mrs. Johnson, both tending to show that Mr. Johnson could not have been home alone with A.J. during the time of the charged offenses.

The jury convicted Mr. Johnson of the first two counts of lewd conduct for the 2004 incidents. The district court sentenced Johnson to two concurrent terms of twenty years with five years fixed. He appeals the admission of his prior misconduct; his statements regarding masturbation and pornography; and the court's refusal to admit his undisclosed evidence. He also contends that his sentence is excessive.

### III. Issues on Appeal

1. Whether the district court erred under I.R.E. 404(b) in admitting evidence of Mr. Johnson's prior sexual misconduct with his sister.

2. Whether the district court erred in admitting evidence that Mr. Johnson had been masturbating and viewing pornography.

IV. ANALYSIS

**A.      The District Court Erred in Admitting Evidence of Mr. Johnson's Prior Sexual Misconduct**

Under I.R.E. 404(b), evidence of other crimes, wrongs, or acts is not admissible to show a defendant's criminal propensity. *State v. Sheldon*, 145 Idaho 225, 227, 178 P.3d 28, 30 (2008). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," so long as the prosecution provides notice that it intends to produce the evidence. I.R.E. 404(b). This Court freely reviews the question of relevancy as an issue of law. *State v. Hairston*, 133 Idaho 496, 501, 988 P.2d 1170, 1175 (1999). Next, under I.R.E. 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." *State v. Page*, 135 Idaho 214, 219, 16 P.3d 890, 895 (2000). The trial court's I.R.E. 403 determination will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991).

> To determine whether discretion has been abused, the Court must ascertain: first, whether the trial court correctly perceived the issue as one requiring the exercise of discretion; second, whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and, third, whether the court reached its conclusion by an exercise of reason.

*Zamora v. State*, 123 Idaho 192, 194, 846 P.2d 194, 196 (1992) (citing *Sun Valley Shopping Center v. Idaho Power*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)). In short, this Court will employ a two-step analysis, determining: (1) whether, under I.R.E. 404(b), the evidence is relevant as a matter of law to an issue other than the defendant's character or criminal propensity; and (2) whether, under I.R.E. 403, the district court abused its discretion in finding the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to the defendant. *State v. Cross*, 132 Idaho 667, 670, 978 P.2d 227, 230 (1999).

At trial, the State produced testimony that Mr. Johnson molested his eight-year-old sister, Elizabeth, when he was between the ages of fifteen and sixteen. The abuse consisted of Mr. Johnson exposing himself to his sister and requesting that she expose herself to him. The State also showed that Mr. Johnson once requested Elizabeth to touch his penis and that she

complied.[1] Mr. Johnson asserts that evidence of prior sexual misconduct with his sister was not relevant to prove a common scheme or plan under I.R.E. 404(b). The State maintains that this evidence corroborated the victim's claims that Johnson had sexually abused her and was therefore relevant.[2]

> 1. *Evidence That Mr. Johnson Molested His Sister Was Irrelevant to the Charged Conduct Under I.R.E. 404(b)*

Johnson contends that in *State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991), and *State v. Tolman*, 121 Idaho 899, 828 P.2d 1304 (1992), this Court erroneously carved out an exception to I.R.E. 404(b) in child sex-abuse cases, allowing trial courts to admit evidence of any prior conduct that tends to corroborate the victim's story. In both cases, this Court held that because many sex-abuse prosecutions involve weighing the word of an adult defendant against that of a minor victim, credibility is particularly important. *Moore*, 120 Idaho at 745–46, 819 P.2d at 1145–46; *Tolman*, 121 Idaho at 904–05, 828 P.2d at 1309–10. For that reason, this Court held that "evidence of prior misconduct is admissible where it is relevant to the credibility of the parties." *Tolman*, 121 Idaho at 904, 828 P.2d at 1309. Johnson maintains that Idaho's courts have wrongly interpreted these cases as allowing nearly any prior sexual misconduct to be used against the defendant in sex-abuse cases generally.

The district court's decision to admit the 404(b) testimony in this case was understandable given that this Court's recent opinion in *State v. Grist*, 147 Idaho 49, 205 P.3d 1185 (2009), was not available at the time. In *Grist*, this Court acknowledged that Idaho courts have sometimes interpreted *Moore* and *Tolman* as permitting character evidence to prove child-sex-abuse charges but expressly repudiated the notion that a different rule applies to 404(b) evidence in such cases. *Id.* at ---, 205 P.3d at 1187. This Court reasoned that "the theoretical underpinning of the admissibility of uncharged misconduct for purposes of 'corroboration' as articulated in *Moore* is indistinguishable from admitting such evidence based upon the accused's propensity to engage in such behavior based upon his or her past behavior." *Id.* It reiterated that

---

[1] When asked what sort of activity she engaged in with Mr. Johnson, Elizabeth responded, "It was mostly visual. I'll show you yours [sic], you show me mine [sic], you know."

[2] Before considering whether prior uncharged conduct is admissible under I.R.E. 404(b), the Court must also confirm that a reasonable jury could believe that the conduct actually occurred. *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (interpreting the analogous federal rules); *State v. Grist*, 147 Idaho 49, ---, 205 P.3d 1185, 1188 (2009). The jury could reasonably have found that these events occurred because, apart from Mr. Johnson's own admissions, it heard consistent testimony about the abuse both from Mr. Johnson's sister, who was the victim, and Mr. Johnson's father.

4

bad acts may only be admitted "if relevant to prove . . . a common scheme or plan embracing the commission of two or more crimes *so related to each other* that proof of one tends to establish the other, knowledge, identity, or absence of mistake or accident." *Id.* at ---, 205 P.3d at 1190–91 (emphasis in original) (quoting *State v. Pizzuto*, 119 Idaho 742, 750–51, 810 P.2d 680, 688–89 (1991) *abrogated on other grounds by State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991)).

In other words, at a minimum, there must be evidence of a common scheme or plan beyond the bare fact that sexual misconduct has occurred with children in the past. The events must be linked by common characteristics that go beyond merely showing a criminal propensity and instead must objectively tend to establish that the same person committed all the acts. *See, e.g.*, *State v. Cardell*, 132 Idaho 217, 220, 970 P.2d 10, 13 (1998) (admitting evidence that defendant, a masseuse, had previously assaulted his clients while massaging them to show that he did not accidentally grope the victim during a massage); *State v. Tapia*, 127 Idaho 249, 254–55, 899 P.2d 959, 964–65 (1995) (admitting evidence the defendant had repeatedly expressed sexual interest in the juvenile victim to show a particular criminal intent to sexually assault her); *State v. Martin*, 118 Idaho 334, 338, 796 P.2d 1007, 1011 (1990) (admitting evidence of defendant's prior sexual assaults to show identity because in all the incidents the intruder wore a mask, held a young woman's kitchen knife to her throat, committed a forcible sex offense, and then discarded the knife while fleeing without taking anything else).[3]

The trial court below erred in finding it was relevant to the current charges that Johnson had abused his sister when he was between fifteen and sixteen years old. In admitting Elizabeth's testimony, the trial court below observed that *Moore* and *Tolman* seemed to create a more lax analysis in sex-abuse cases, permitting "credibility and corroboration testimony" under

---

[3] Commentators have identified three theories of how courts could require previous bad acts to be linked to the charged conduct to establish a common plan under 404(b). First, the most permissive theory is that the previous acts must simply share some physical and temporal characteristics tending to show a common methodology, whether consciously chosen or not. Second, the court might require acts to share a common methodology and that there must be evidence the perpetrator *consciously chose* those common techniques. Third, and most restrictive, the court could require the prior acts to actually be linked to the charged conduct as part of an intentionally conceived grand design to achieve a specific criminal objective. Edward J. Imwinkelried, *Using a Contextual Construction to Resolve the Dispute over the Meaning of the Term "Plan" in Federal Rule of Evidence 404(b)*, 43 U. Kan. L. Rev. 1005, 1011–16 (1995). This Court has yet to articulate whether bare circumstantial similarities are enough to show relevance under I.R.E. 404(b), but it need not yet choose among these alternatives. As explained below, the commonalities among the prior acts and the charged conduct in this case are too attenuated to establish relevance under any reading of 404(b).

I.R.E. 404(b).[4] The court identified the following characteristics that linked the current charged conduct to the prior bad acts to which Elizabeth testified: (1) both victims were about seven to eight years old; (2) both victims viewed Johnson as an "authority figure" because he was an older brother or father; (3) both courses of conduct involved Johnson requesting the victim to touch his penis. These similarities, however, are sadly far too unremarkable to demonstrate a "common scheme or plan" in Johnson's behavior. The facts that the two victims in this case are juvenile females and that Johnson is a family member are precisely what make these incidents unfortunately quite ordinary. The prior acts are irrelevant and therefore inadmissible.[5]

2. *Admitting Evidence of Johnson's Prior Sexual Misconduct Was Not Harmless Error*

After concluding that it was error to admit evidence of Johnson's prior bad acts, the next issue is whether the error was harmless. *State v. Thompson*, 132 Idaho 628, 636, 977 P.2d 890, 898 (1999). The Idaho Criminal Rules provide that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." I.C.R. 52. The inquiry is whether, beyond a reasonable doubt, a rational jury would have convicted Mr. Johnson even without the admission of the challenged evidence. *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967); *Neder v. United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 1838 (1999).

Permitting the prior-bad-acts evidence was not harmless error. Because the victim did not report any possible abuse to her mother until a year later, the State presented no physical evidence or corroborating testimony to support the two counts on which Johnson was convicted. As the prosecutor acknowledged during trial, the case essentially hinged on the girl's testimony. The defense also produced an expert witness to suggest that interviewer bias may have implanted false memories of abuse in the young victim's mind. The jury heard testimony that Johnson had

---

[4] In concluding that a different rule for admissibility under I.R.E. 404(b) applies to child sex-abuse cases, the trial court also relied on *State v. Wood*, 126 Idaho 241, 880 P.2d 771 (Ct. App. 1994), in which the Idaho Court of Appeals interpreted *Moore* and *Tolman* as creating a special rule for sex-abuse cases where evidence corroborated the victim's testimony. *Id.* at 247, 880 P.2d at 777.

[5] Such a holding would admittedly be at odds with some of this Court's prior cases. In *State v. LaBelle*, for example, this Court upheld the admission of testimony that the defendant had previously molested his daughter and step-daughter in a prosecution against him for molesting three other girls. 126 Idaho 564, 567, 887 P.2d 1071, 1074. The court relied heavily on *Moore* and noted that the events were all similar because the victims were females under age ten and that the defendant had access to them "by virtue of some connection to a parent of the victim." *Id.* In light of this Court's recent holding in *Grist*, however, evidence admitted to show such generalized similarities is more accurately described as inadmissible evidence merely demonstrating the defendant's predisposition for opportunistically molesting children. *See Grist*, 147 Idaho at ---, 205 P.3d 1185, 1190 (rejecting *Moore*'s unstated premise that corroborating evidence can be admitted).

abused his sister not just from her alone, but from their father as well. We are not convinced beyond a reasonable doubt that a rational jury would have convicted Johnson without the evidence of his previous sexual misconduct.

The district court did give a limiting instruction to the jury against considering the evidence as probative of Mr. Johnson's criminal propensity, and this instruction surely helped mitigate the harmful effects of the error. Nonetheless, a limiting instruction alone cannot always prevent an error from prejudicing the defendant. *See State v. Sheldon*, 145 Idaho 225, 229–31, 178 P.3d 28, 32–34 (2008) (finding a 404(b) error not to be harmless despite a limiting instruction). Evidence of prior sexual misconduct with young children is so prejudicial that there is a reasonable possibility this error contributed to Johnson's conviction. As this Court has observed, admitting such propensity evidence may reflect "the unstated belief that sexual deviancy is a character trait of especially powerful probative value for predicting a defendant's behavior." *State v. Field*, 144 Idaho 559, 569–70, 165 P.3d 273, 283–84 (2007) (quoting D. Craig Lewis, *Idaho Trial Handbook* § 13.9 (1995)). The danger is too great in this sex-abuse case that the jury may have believed the prior misconduct demonstrated Mr. Johnson's deviant character traits.

The State points out that Johnson was charged with three counts of lewd and lascivious conduct, but the jury only convicted him of the first two charges. The State argues that if the jury really had considered these prior bad acts to reflect on Mr. Johnson's criminal propensity, it would have convicted him of all three counts. Although the jury heard specific testimony from the victim regarding the first two counts, it never heard any testimony from the victim about the third count at all. Without any evidence, the jury could reasonably have acquitted Johnson of the third count even if it had believed that the evidence of his prior sexual misconduct showed his propensity to molest children. It was not harmless error to admit evidence of Johnson's previous sexual misconduct.

**B.      The District Court Did Not Err in Admitting Evidence that Mr. Johnson Was Watching Pornography and Masturbating**

Johnson next argues that it was error to admit evidence that he had told his wife, Michelle Johnson, that he had not molested A.J., but that A.J. had walked in on him masturbating while watching pornography and became confused about what happened. Johnson allegedly told this to his wife when she confronted him in response to A.J.'s report that Johnson had molested her over spring break of 2004.

The State initially requested that this evidence be admitted under I.R.E. 404(b), but argues on appeal that these statements were relevant outside of 404(b) to show why Mrs. Johnson did not report the possible sexual misconduct until a year after first learning of it from A.J. Johnson contends that, since the State noticed up this evidence under I.R.E. 404(b) and urged its admission under that rule during trial, the State has admitted that these statements are evidence of prior bad acts and therefore the restrictions of I.R.E. 404(b) apply to exclude this evidence. Of course, "[a]ppellate court review is limited to the evidence, theories and arguments that were presented below." *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007) (quoting *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006)). However, at trial, the prosecutor asserted that this evidence was relevant to explain Mrs. Johnson's decision to delay reporting her suspicions that Mr. Johnson was sexually abusing their daughter and did not couch the argument in terms of a common scheme or plan under I.R.E. 404(b). The State's separate relevancy argument is therefore permissible on appeal.

Evidence that Mr. Johnson said that A.J. inadvertently saw him masturbating while watching pornography would not be admissible under I.R.E. 404(b). This testimony was not relevant to any common scheme or plan on Mr. Johnson's part. His alleged act of stating that A.J. was confused into believing she had been molested does not show any ongoing chain of criminal activity—in fact, his denial tends to disprove such misconduct.

Nonetheless, Mr. Johnson's statements about pornography and masturbation were separately relevant to other material facts. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." I.R.E. 401. "Whether a fact is material is determined by its relationship to the legal theories presented by the parties." *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). First, the statements were admissible to corroborate Mrs. Johnson's credibility. They were relevant to help the jury understand why Mrs. Johnson did not immediately act on A.J.'s initial report of Johnson's misconduct in 2004. The State's theory of the case was that Mrs. Johnson left A.J. home with Mr. Johnson during spring break of 2004 while she visited her family in Utah with her other children and that, while she was away, Mr. Johnson committed two counts of lewd conduct against A.J. However, Mrs. Johnson did not report her suspicions to the police until over a year later in June of 2005, shortly before a custody hearing in her pending divorce with Mr. Johnson. The defense highlighted the upcoming custody hearing and the fact

that Mrs. Johnson had reason to want full custody of her children to allow her to move closer to her family in Utah. While it was not absolutely necessary to reveal that Mr. Johnson purportedly masturbated while watching pornography, such an unusual explanation was relevant to help the jury understand why Mrs. Johnson acted the way she did. Second, the statements were relevant as admissions, as Mr. Johnson could simply have denied that A.J. had seen anything at all. The jury was entitled to consider these statements as evidence that some sort of sexual encounter occurred between Mr. Johnson and his daughter, evidence that could be directly probative of Mr. Johnson's guilt.

The district court's ruling on prejudice under I.R.E. 403 was within its discretion. Of course, there is a significant chance that prejudice will occur when exposing the jury in a child sex-abuse case to such testimony. However, the unique and candid nature of Mr. Johnson's supposed explanation for his daughter's belief that he had molested her is probative of Mrs. Johnson's credibility and of Mr. Johnson's guilt. The district court therefore acted within the bounds of its discretion and reached its conclusion through an exercise of reason when it found that evidence relating to pornography and masturbation would not unfairly inflame a modern jury in this case.

## V. CONCLUSION

Mr. Johnson's conviction is vacated and remanded for further proceedings due to the district court's erroneous admission of evidence under I.R.E. 404(b). Because this Court vacates the conviction on the foregoing grounds, it is not necessary to address Mr. Johnson's sentence or the untimely disclosed evidence that was excluded at trial.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, **CONCUR.**