# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51606

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JAMES PHILIP SUSAVAGE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 14, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction for one count of lewd conduct with a child under sixteen, one count of sexual abuse of a minor under sixteen, and concurrent unified sentence of twenty-five years with five years determinate, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

James Philip Susavage appeals from his judgment of conviction and sentence for lewd conduct with a minor under sixteen and sexual abuse of a minor under sixteen. Susavage claims the district court erred in denying his motion to dismiss the grand jury indictment and that his convictions on Counts I and II should be overturned due to evidentiary errors and prosecutorial misconduct occurring at trial. Susavage also argues that his due process rights were violated at sentencing. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Two sisters, A.T. and L.T., reported that their stepfather, James Susavage, sexually abused them. According to A.T. and L.T., the abuse occurred approximately seven years earlier when they were around twelve and eight years old, respectively. A.T. and L.T. were separately

1

interviewed by Children at Risk Evaluation Services (CARES) regarding six reported incidents. One count of lewd conduct and four counts of sex abuse were brought before the grand jury for indictment. Both victims testified to the grand jury. Susavage was indicted for two counts as to A.T. but only one count as to L.T. Count I charged Susavage with lewd conduct of a minor under sixteen, pursuant to Idaho Code § 18-1508, against A.T. "by manual-genital and/or manual anal contact." Count II charged Susavage with sexual abuse of a minor under sixteen, pursuant to I.C. § 18-1506, against A.T. "by massaging A.T.'s vaginal area over her clothes, and/or kissing her with an open mouth, and/or by putting his hand on her breast." Finally, Count III, as amended, charged Susavage with sexual abuse of a minor under sixteen, pursuant to I.C. § 18-1506, against L.T. "by touching L.T.'s buttocks."

Susavage moved to dismiss the indictment, claiming the State had engaged in prosecutorial misconduct by improperly presenting the jail booking photograph of Susavage to the grand jury and that Count III lacked probable cause. The district court denied the motion, finding that Count III was supported by probable cause based on L.T.'s testimony. The district court also found that, while the jail photo of Susavage was prejudicial, such prejudice did not outweigh its probative value in identifying Susavage. The district court held the State properly limited the purpose of the photo to identification purposes and provided a limited explanation to the grand jury. Thus, according to the district court, Susavage had not proven the State engaged in prosecutorial misconduct and, even if the photo was inadmissible, Susavage had not shown prejudice.

On the first day of trial, prior to voir dire, Susavage made an oral motion to exclude evidence of other acts not clearly charged in the indictment. He argued there were five acts alleged but only three counts in the indictment and the State must elect which acts pertain to the specific charges or bring a separate charge for each act, as required by Idaho Criminal Rule 8. Because there were only three counts, Susavage argued that any acts not specifically charged in Counts I, II, and III must be excluded under Idaho Rule of Evidence 404(b) as improper character evidence of uncharged conduct. The court interpreted Susavage as making an I.C.R. 8 joinder motion challenging the indictment and denied it as untimely.

During closing arguments, the State told the jury it may infer that L.T. and A.T. had moved away from Susavage and visited their mother in public settings because of the abuse, to which Susavage objected and argued it was misleading. The district court overruled the objection.

2

Susavage was convicted of Counts I and II as to A.T., but was acquitted of Count III as to L.T. The district court sentenced Susavage to concurrent sentences of twenty-five years with five years determinate.

Susavage then filed an I.C.R. 35 motion for a reduction of sentence, arguing his due process rights were violated and that his sentence was excessive. Susavage asserted the district court incorrectly interpreted italicized language within the psychosexual evaluation as Susavage's actual statements, rather than his responses to the Multiphasic Sex Inventory II (MSI II) that Susavage had agreed to while taking the test. Because of this misunderstanding, Susavage argued the district court relied on a materially false statement of fact for sentencing. The district court found that, notwithstanding any purported misunderstanding of the statements Susavage had agreed to in the MSI II, the district court's sentence was supported by the record. Susavage appeals.

## II.

## STANDARD OF REVIEW

The decision to grant or deny a motion to dismiss an indictment based on irregularities in grand jury proceedings is reviewed for an abuse of discretion. *State v. Bujanda-Velazquez*, 129 Idaho 726, 728, 932 P.2d 354, 356 (1997). However, alleged defects in the grand jury process generally will not be reviewed on appeal at all after a defendant has been convicted in a fair trial on the merits. *State v. Marsalis*, 151 Idaho 872, 875, 264 P.3d 979, 982 (Ct. App. 2011). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct, we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection, we determine factually if there was prosecutorial misconduct and then determine whether the error was harmless. *Id.*; *see also State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a criminal defendant shows a reversible error based on a contemporaneously objected-to

3

constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Baker*, 161 Idaho 289, 299, 385 P.3d 467, 477 (Ct. App. 2016).

## III.

## ANALYSIS

Susavage presents several issues on appeal, each of which pertain to various stages of the proceedings below. For the sake of organization, we will address the issues in order of the proceedings themselves, from the grand jury through sentencing.

### A.  Grand Jury Indictment

Susavage argues Count III of the indictment should have been dismissed due to a lack of probable cause. He claims the testimony of L.T. did not establish the requisite intent under the law. The State argues there was sufficient evidence presented for the grand jury to infer Susavage's intent. Second, Susavage claims the district court erred in denying his motion to dismiss the entire indictment for prosecutorial misconduct. Susavage argues the indictment should have been dismissed because the State engaged in prosecutorial misconduct by presenting the jail booking photo of Susavage, taken after his arrest in this case. According to Susavage, this evidence was so prejudicial that the photo was the "only way" the indictment on Count III can be explained, and because of this prejudice, the entire indictment should have been dismissed.

Idaho Code § 19-1107 states: "The grand jury ought to find an indictment when all evidence before them, taken together, if unexplained or uncontradicted, would, in their judgment, warrant a conviction by a trial jury." The review of a grand jury proceeding is a bifurcated inquiry. *Marsalis*, 151 Idaho at 876, 264 P.3d at 983. First, the court must determine whether, independent of any inadmissible evidence, the grand jury was presented legally sufficient evidence to support a finding of probable cause. *Id*. In making this determination, every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment. *Id*. An indictment will be sustained if, after excluding any inadmissible evidence, there remains sufficient admissible evidence to indict. *State v. Edmonson*, 113 Idaho 230, 236, 743 P.2d 459, 465 (1987).

Count III charged Susavage with sexual abuse against L.T. "by touching L.T.'s buttocks, with the intent to gratify the lust, passions, or sexual desire of the defendant and/or the child."

Idaho Code § 18-1506(1) states: "It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to: . . . (b) Cause or have sexual contact with such minor child." Under the statute, "sexual contact" is defined as "any physical contact between such minor child and any person, which is caused by the actor, or the actor causing such minor child to have self contact." I.C. § 18-1506(3). Where specific intent is an essential element of a crime, it is sufficient for the State to prove that intent by circumstantial evidence. *State v. Matthews*, 124 Idaho 806, 814, 864 P.2d 644, 652 (Ct. App. 1993).

During the grand jury proceeding, L.T. testified that on two separate occasions, Susavage touched her butt in a way that made her feel uncomfortable. L.T. testified that when she was around seven years old, one night she went into the bedroom of her mother and Susavage and got into the bed. She stated that at the time: "I just wanted to cuddle with someone or be in the parents' bed [because] it was a thing I did quite often." When asked if there was anyone else in the bedroom, she stated only Susavage was in the bed. She believed that Susavage was sleeping at the time, or he "was in bed at least." While in the bed, L.T. testified that Susavage had his hand on her butt for "maybe around ten seconds." She stated that she "didn't feel it was appropriate," and that, "It felt wrong." She then moved away from Susavage and returned to her room within a couple of minutes. In the second incident, when L.T. was around eight years old, she testified that she approached Susavage in the kitchen to give him a hug, and Susavage again had his hand on her butt for "only a couple of seconds." She testified that she "didn't feel that it was appropriate at that age," and that "something was off."

The evidence presented to the grand jury was legally sufficient to support a finding of probable cause. Susavage argues the State's evidence as to when he "touched the butt" of L.T. for a "couple of seconds" did not prove that Susavage did so with the requisite intent to "gratify the lust, passions, or sexual desires of himself, L.T., or a third party." Susavage also asserts there was no evidence that he was awake at the time L.T. crawled into bed. However, direct evidence of intent is not required in child sex abuse cases because a jury may infer such intent from the defendant's actions and surrounding circumstances. *State v. Marsh*, 141 Idaho 862, 867, 119 P.3d 637, 642 (Ct. App. 2004). Further, a grand jury needs only to find probable cause, a much lower bar than the beyond a reasonable doubt standard needed at trial. *See State v. Al Muthafar*, 174 Idaho 882, 890, 560 P.3d 1029, 1037 (2024). L.T.'s testimony alleged two instances in which she

felt uncomfortable based on Susavage's conduct under the circumstances. This testimony of Susavage touching L.T.'s butt, along with L.T.'s perception it was "inappropriate" and that it "felt wrong," was sufficient for the jury to reasonably infer Susavage's intent. Therefore, Susavage has failed to show the district court abused its discretion by denying his motion to dismiss Count III in the indictment for lack of probable cause.

Next, Susavage argues the State's introduction of the jail booking photo constituted prosecutorial misconduct because the evidence of a mugshot under these circumstances is prohibited and prejudicial. Susavage contends he would not have been indicted on Count III but for the State's misconduct in admitting the photo. As explained above, the evidence established probable cause for Count III. However, even if legally sufficient evidence were presented, the indictment must be dismissed if the prosecutorial misconduct in submitting illegal evidence was so egregious as to be prejudicial. *State v. Martinez*, 125 Idaho 445, 448, 872 P.2d 708, 711 (1994). Prejudice is established if the defendant would not have been indicted but for the misconduct. *Edmonson*, 113 Idaho at 237, 743 P.2d at 466. To determine whether misconduct gives rise to a dismissal, an appellate court must balance the gravity and seriousness of the misconduct with the sufficiency of the evidence supporting the indictment. *Martinez*, 125 Idaho at 448-49, 872 P.2d at 711-12.

First, mugshots are generally not admissible under I.R.E. 404(b) because they are indicative of a prior crime, wrong, or other bad act. *State v. Alwin*, 164 Idaho 160, 166, 426 P.3d 1260, 1266 (2018). Thus, mugshots that display the typical indicia associated with criminal activity--height lines, front and side profiles, and references to police departments--are inadmissible under I.R.E. 404(b). *Alwin*, 164 Idaho at 166, 426 P.3d at 1266. However, mugshots that have been trimmed to eliminate reference to prior criminal behavior, and therefore do not constitute I.R.E. 404(b) evidence, will be admitted so long as the mugshot is relevant and the mugshot's probative value outweighs prejudice to the defendant. *Alwin*, 164 Idaho at 167, 426 P.3d at 1267.

Here, the State provided two versions of the photo. One version had a small textbox in the top left corner that provided Susavage's name, the date and time of the photo, and a description that read "Front." The other version redacted the textbox. Otherwise, the photo is a headshot of Susavage that partially shows he is wearing an orange shirt provided by the jail with the letters "XL" marked on the left side of the collar. A booking deputy from the Ada County jail provided

6

testimony as to the photo and explained the booking process to the grand jury. The State clarified to the jury that the photo was introduced to establish Susavage's identity and age in order to satisfy those elements of the charged offenses. The State addressed the grand jury:

> to get the date of birth in you've heard that [Susavage] was booked into the Ada County jail, but don't give any weight to the fact that he was arrested. You are looking at the facts of the case and the fact that there is an arrest made is not relevant independent of the fact that it verifies that someone asked him his date of birth and they gave it. So just for that purpose consider that last deputy not as an endorsement of the charges because he was booked into jail on them.

The district court found the photo was relevant to prove the necessary element that Susavage was over the age of eighteen. The district court also noted that even without the photograph, the grand jury could have found probable cause based on other testimony from A.T. which provided a means to prove Susavage's age.

Susavage's contention that he would not have been indicted but for the photo is contradicted by the other evidence presented to the grand jury. The State also limited the scope of the photo's purpose for the grand jury. Even while the district court found the photo was "highly prejudicial," the district court also found that the photo's relevance and probative value was not outweighed by such prejudice. The mugshot shown to the grand jury did not contain any of the typical indicia of criminal activity: there were no height lines, no reference to the charges, and no references to the police department. Further, the mugshot was not evidence of a prior crime because it was taken following Susavage's arrest in the current case. If the prejudice regarding a mugshot is simply the fact that the person pictured was arrested, courts would not allow mugshots under any circumstances. However, that is not reflected in the law, which acknowledges various, albeit limited, means for which a mugshot may be admitted into evidence. *See Alwin*, 164 Idaho at 167, 426 P.3d at 1267 (noting examples of mugshots properly introduced after certain information within the photos was removed prior to admission). Given the State's comments to the grand jury limiting the photo to prove only Susavage's age and identity, and the fact that the photo does not otherwise contain the typical indicia of criminal activity, introduction of the photo was not violative of I.R.E. 404(b). Susavage has not shown that the introduction of the photo constituted prosecutorial misconduct so egregious as to require dismissal of the indictment.

7

Therefore, Susavage has failed to show the district court abused its discretion by denying his motion to dismiss the entire indictment.[1]

Further, such arguments are moot because Susavage received a fair trial and was acquitted of Count III. *See State v. Huckabay*, 168 Idaho 117, 123, 480 P.3d 771, 777 (2021) (after the defendant had received a fair trial on the merits, the Court held "any errors that occurred during the grand jury proceedings are not reviewable on appeal"). Susavage also makes the bare assertion that the prejudice from the failure to dismiss Count III is that the jury heard evidence relating to Count III which improperly influenced its guilty findings as to Counts I and II. Susavage points to nothing in the record suggesting such influence on the jury as to Counts I and II. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). The fact that the jury rejected the evidence submitted as supporting a finding of guilt as to Count III, belies the assertion that such evidence improperly influenced the jury as to Counts I and II.

## B.     Idaho Criminal Rule 8 Joinder

Susavage next argues the district court abused its discretion by denying his motion to exclude certain evidence made on the first day of trial. He asserts that the State was required to elect which of the alleged incidents constitute the charged conduct under Counts I and III. Because multiple incidents were alleged for those counts, Susavage argues evidence of uncharged conduct should have been excluded and that the State should have provided notice of its intent to present such evidence under I.R.E. 404(b). Further, he argues that the failure to exclude this evidence as to Counts I and III prejudiced him as to his conviction for Count II. The State argues Susavage's motion was a motion to challenge the indictment and therefore, the district court properly denied it as untimely.

Non-jurisdictional challenges to indictments "must be filed within 28 days after the entry of a plea of not guilty or seven days before trial whichever is earlier." I.C.R. 12(b)(2), 12(d). Idaho Criminal Rule 12(b)(2) states that defenses and objections based on defects in a charging document must be raised prior to trial or guilty plea unless it asserts a failure to show jurisdiction

---

[1]     Susavage also asserts arguments that the photo was inadmissible because Idaho Rule of Evidence 404(b) is not limited to the defendant, the photo shows the prior bad act was law enforcement's arrest of Susavage, and the photo was prejudicial under I.R.E. 403. None of these arguments were preserved below. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

8

or to charge an offense. *Id*.; *see also State v. Jones*, 140 Idaho 755, 760, 101 P.3d 699, 704 (2004). Failure to raise a timely challenge to the indictment constitutes waiver of that challenge. I.C.R. 12(f). Idaho Criminal Rule 8(a) provides for joinder of offenses and states:

> Two or more offenses may be charged on the same complaint, indictment or information if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. The complaint, indictment or information must state a separate count for each offense.

Idaho law permits a defendant to challenge the State's joining of two offenses by arguing the requirements of I.C.R. 8 have not been met. *State v. Nava*, 166 Idaho 884, 888, 465 P.3d 1123, 1127 (2020). A ruling on a motion under I.C.R. 8 is reviewed de novo. *Nava*, 166 Idaho at 889, 465 P.3d at 1128.

At the beginning of the first day of trial, Susavage made an oral motion in which he argued there were five offenses alleged, but only three counts charged. He stated:

> When I read Idaho Rule--Criminal Rule 8, it says that when multiple counts are alleged, that the indictment must separate--must state a separate count for each offense. . . . I believe the other two [offenses] would fall under 404(b) as other crimes or wrongs or acts and should be excluded from evidence.

Susavage cited *Miller v. State*, 135 Idaho 261, 16 P.3d 937 (Ct. App. 2000) to clarify that I.C. § 18-1508 does not include a course of conduct element and, therefore, I.C.R. 8 requires the State to separate each crime into distinct counts.[2] Susavage also argued I.R.E. 404(b) required the State to give notice of its intent to present evidence of the uncharged conduct and, because the State did not provide such notice, he was unable to make the motion sooner. The district court denied the motion as untimely.

Susavage's motion was, in effect, a motion for improper joinder pursuant to I.C.R. 8(a), which would fall under I.C.R. 12(b)(2) as a challenge to the indictment. However, Susavage did not expand on any argument regarding improper joinder, nor did he specify an argument regarding I.C. § 18-1508 and the lack of a course of conduct element. Instead, he argued the State cannot have multiple incidents within one count and that any incidents not included in a distinct count must be excluded under I.R.E. 404(b).

---

[2]     *Miller v. State*, 135 Idaho 261, 16 P.3d 937 (Ct. App. 2000) is a post-conviction relief case and did not involve a motion under Idaho Criminal Rule 8 made at trial. The analysis under *Miller* is therefore inapposite to this case.

His attempt to recast this motion as a "motion in limine" on appeal is belied by the record. Susavage cited to I.C.R. 8 as the basis of the motion, arguing the indictment should have specified which act relates to each of the three counts. He then reasoned that because the multiple incidents were not properly separated in the indictment as required by I.C.R. 8, I.R.E. 404(b) would then require any of the uncharged conduct to be excluded as improper character evidence. The fact that I.R.E. 404(b) was cited as a reason to exclude the other acts does not transform the motion into an I.R.E. 404(b) motion in limine. Even if his motion were made under I.R.E. 404(b), the purpose of the motion was to challenge the indictment and would be subject to the requirements under I.C.R. 12. Susavage made this motion orally on the morning of the first day of trial, outside of the limits under I.C.R. 12(d). Therefore, Susavage's motion was untimely and properly denied by the district court.[3] His argument that Count I should be vacated based on improper joinder of multiple instances fails for the same reasons.

Further, Susavage's argument that the State must have provided notice of the uncharged conduct under I.R.E. 404(b)(2)(A) is without merit because he had notice of all incidents which the State intended to prove since the date on which the indictment had been amended. Idaho Rule of Evidence 404(b) provides:

> (1)    Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2)    Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecutor must:
> > (A) file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> > (B) do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice.

The State had filed an amended charging document to align it with the grand jury testimony. The amendment was specific to only changing the word "grabbing" to "touching" under Count III. There were otherwise no additional incidents or facts alleged. The substance of the indictment remained virtually unchanged since June 2023, and trial was held in November 2023. Susavage was also aware of the supporting evidence from the CARES interview.

---

[3]    During the pretrial conference, held eleven days prior to trial, the district court asked if there were "any 404(b) or 609 issues," to which Susavage responded in the negative.

Thus, Susavage was sufficiently on notice of the conduct to be presented at trial, and the State was not obligated to provide additional notice of such conduct already included in the indictment. Susavage also argued that the evidence of multiple instances within Counts I and III prejudiced him as to his conviction on Count II. However, outside of this bare conclusion, Susavage makes no substantive argument. Susavage fails to explain how any particular evidence presented for Counts I and III served as a basis for the jury's guilty verdict as to Count II. A party waives an issue on appeal if either authority or argument is lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970.

## C. Prosecutor's Closing Argument

Susavage argues the prosecutor engaged in misconduct during closing arguments by suggesting an unsupported inference to the jury. Specifically, he argues the prosecutor improperly represented that testimony from A.T. and L.T. inferred the abuse likely occurred based on the reasons behind A.T.'s and L.T.'s decisions to move out of the house.

A defendant is entitled to a fair trial, but not a perfect trial. *State v. Enno*, 119 Idaho 392, 408, 807 P.2d 610, 626 (1991); *State v. Estes*, 111 Idaho 423, 428, 725 P.2d 128, 133 (1986). Prosecutorial misconduct occurs when the State attempts to secure a verdict on any factor other than the law as set forth in the jury instructions and the evidence admitted at trial, including reasonable inferences that may be drawn from that evidence. *State v. Miller*, 165 Idaho 115, 122, 443 P.3d 129, 136 (2019).

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id*. Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003).

During closing arguments, the prosecutor made the following statements regarding A.T. and L.T.'s testimony, to which Susavage objected:

STATE: And there was the comment that "Well, you know, I asked Lexi about moving out of the house and she said it was for academic reasons." But when I asked [L.T.], you know, "Do you see your mom?" "Yeah, I see her at a restaurant over lunch. I see her in a public setting." There's a clear separation between her and her mom's house and Mr. Susavage.

11

DEFENSE: Objection. Misleading, Your Honor.
COURT: Overruled. Keep going.
STATE: You can infer from that evidence as well as from [A.T.'s] testimony of moving out that that is consistent with them having been sexually abused and wanting to distance themselves from Mr. Susavage.

The jury convicted Susavage on both Counts I and II as to A.T. and acquitted him on Count III as to L.T.

Susavage presents his argument as to whether the statements above amounted to prosecutorial misconduct, not simply whether the district court abused its discretion by overruling the objection. The inference that there is a "clear separation" between L.T. and her mom's house and Susavage, on its own, does not rise to misconduct so egregious that it "infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Dempsey*, 169 Idaho 19, 29, 490 P.3d 19, 29 (2021). Further, even assuming the objection to the prosecutor's statements related to L.T.'s testimony should have been overruled, Susavage was acquitted as to Count III. Since Count III was specific to L.T., any error was harmless. As such, Susavage cannot show he was prejudiced. *See State v. Hall*, 163 Idaho 744, 806, 419 P.3d 1042, 1104 (2018) ("When a defendant is unable to demonstrate prejudice, the misconduct will be regarded as harmless error."). Susavage otherwise did not object to the prosecutor's statements regarding A.T.'s testimony and therefore any issues specific to that part of the prosecutor's closing argument are not preserved.

**D.    Sentencing**

Susavage argues the district court abused its discretion at sentencing by relying on a materially false assumption of fact. Specifically, Susavage asserts the district court mistakenly assumed that italicized statements taken from the MSI II test were Susavage's "exact statements," when in fact they were statements provided by the test itself, to which Susavage had to indicate that he agreed. As a result, Susavage argues this was material to the district court's sentencing and, therefore, this incorrect assumption of fact constituted a violation of his due process rights.

A defendant's right to due process is abridged when the sentencing judge relies upon information that is materially untrue or when the judge makes materially false assumptions of fact. *State v. Morgan*, 109 Idaho 1040, 1042, 712 P.2d 741, 743 (Ct. App. 1985). In order to minimize the likelihood of such due process violations, the defendant must be: (1) afforded a full opportunity to present favorable evidence; (2) given a reasonable opportunity to examine all materials

contained in the presentence report; and (3) afforded a full opportunity to explain and rebut adverse evidence. *State v. Gain*, 140 Idaho 170, 174-75, 90 P.3d 920, 924-25 (Ct. App. 2004).

At sentencing, the district court stated that it would "consider all information available" to it, including the facts and circumstances of the present case, Susavage's prior criminal record, background and character information, and the presentence investigation report. At one point during the district court's statements, the following colloquy occurred:

> COURT: I was reading in Dr. Hatzenbuehler's report on page 18 and in the first full paragraph it says, ". . . Mr. Susavage reported that he has always known it was wrong to engage in sexual activity with an underage person or to force someone to engage in a sexual act. He attempted to explain away his behavior by indicating that he was mixed-up and made a mistake. He minimized his offending by indicating that he didn't know how the sexual things happened. He places responsibility for his behavior on having too much alcohol or drugs." *Those lines and presumably his exact words were italicized, leading me to believe that those were exact statements that he made.*
>
> . . . .
>
> Also on page --
>
> DEFENSE: Judge, if I could, just a moment.
>
> COURT: No. You had your turn. It's my turn.

(Emphasis added.) The district court continued with its statements and Susavage was sentenced to concurrent sentences of twenty-five years with five years determinate. Susavage then filed an I.C.R. 35 motion, seeking a reduced sentence and arguing that the sentencing court relied on a false assumption. The district court denied the motion.[4]

The district court did not violate Susavage's due process rights. After denying Susavage's I.C.R. 35 motion, the district court, which was presided over by a different judge than at sentencing, stated:

> Even if this Court reevaluated the reports and determined Defendant was amenable to treatment, and did not minimize his accountability for the offenses in the Multiphase Sex Inventory II, the record still reflects that Defendant was mixing medications with alcohol at the time of the offenses, and that he had no recollection of the offenses.

The district court also noted: "The Court considered this information, in conjunction with other evidence presented by both sides." Thus, standing alone, any factual misunderstanding of the

---

[4]     Susavage does not challenge the denial of his Idaho Criminal Rule 35 motion on appeal.

italicized statements was not material to the court's sentencing. The district court was clear that all information in the case was considered when the sentence was imposed.

Susavage has not shown that attributing the statements to him as opposed to being his answers to questions posed is material, especially considering that Susavage agreed with the statements. Further, the record below reflects the sentencing judge considered the facts of the case, the nature of the offenses, the character of the defendant, the presentence investigation, and the arguments by both parties. Susavage's argument that the district court violated his due process rights by "basing the sentence" on its understanding of the italicized statements is unsupported by the record.

As to Susavage's argument that he was denied an opportunity to correct the district court's misunderstanding, the district court did not indefinitely foreclose Susavage from making a record simply by stating "No. You had your turn. It's my turn now." After the district court made its statement, i.e., had its "turn," nothing prevented Susavage from raising the issue again. As such, he was not denied an opportunity to point out the misunderstanding. Moreover, Susavage raised the issue on his I.C.R. 35 motion. Nonetheless, as explained above, any misunderstanding regarding those statements was not material to the district court's sentencing, as it considered the totality of the record before it. Susavage has failed to show a violation of his due process rights.

**E.     Cumulative Error**

Susavage also contends that the cumulative error doctrine applies, necessitating a reversal of his convictions. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Susavage has failed to demonstrate at least two errors.

## IV.

## CONCLUSION

Susavage has failed to show reversable error by the district court relative to the grand jury proceeding, trial, or sentencing. Therefore, Susavage's judgment of conviction and sentence are affirmed.

Judge HUSKEY **CONCURS**.

Judge TRIBE **SPECIALLY CONCURING**.

14

As outlined by the Idaho Supreme Court in *State v. Alwin*, 164 Idaho 160, 166-67, 426 P.3d 1260, 1266-67 (2018), mugshots or booking photos that have been trimmed to eliminate indicia associated with criminal activity are not considered Idaho Rule of Evidence 404(b) evidence and will be admitted so long as the photo is relevant, and the photo's probative value outweighs prejudice to the defendant. Indicia associated with criminal activity in a booking photo has been interpreted to include height lines, front and side profiles, and references to police departments.

In *Alwin*, a prior booking photo of Alwin was offered as evidence by the State for identification purposes. According to Alwin, the booking photo displays him standing, not smiling, in front of a blank wall, and dressed in yellow "jail garb." The district court admitted the booking photo over Alwin's I.R.E. 404(b) objection. Alwin was convicted of felony eluding a peace officer. After a motion for a new trial was denied, Alwin appealed based on the admission of the booking photo. The Idaho Supreme Court stated Alwin's argument as "there should be an absolute bar for use of a booking photo under any circumstance." *Alwin*, 164 Idaho at 168, 426 P.3d at 1268. Noting a lack of the traditional indicia associated with criminal activity, the Idaho Supreme Court agreed with the district court that the photo could have been a passport photo or a driver's license photo, was not I.R.E. 404(b) evidence, and was properly admitted. In rejecting an absolute bar for the use of booking photos and holding that the photo was admissible, it is not clear if the Court determined that obvious jail clothing was not indicia associated with criminal activity or if it held the booking photo was admissible because the traditional indicia associated with criminality had been removed.

Jail clothing, including any language or items on the clothing, is not meaningfully different than the above-mentioned items and should be included as indicia associated with criminal activity when reviewing a booking photo as potential I.R.E. 404(b) evidence. It appears that Idaho trial courts do not currently consider jail clothing when deciding if a booking photo includes indicia associated with criminal activity. *See Alwin*, 164 Idaho at 166, 426 P.3d at 1266. In *Alwin*, the district court denied Alwin's request for a new trial (based on the introduction of the booking photo), stating, "if the request had been made to redact the clothing from the photo, since there would be no harm in doing that, I probably would have ordered it. . . . But I don't think it's required, and so I am going to deny the motion." *Id.*

In this case, the booking photo included Susavage in a bright orange prison shirt with "XL" handwritten on the shirt. It is not ambiguous "jail garb." That shirt and the writing on the shirt

15

are out of the norm for non-booking photos and therefore fit the criteria of indicia associated with criminal activity along with height lines, front and side profiles, and references to police departments. In its consideration when determining if a booking photo is I.R.E. 404(b) evidence, trial courts should include obvious "jail garb"--such as black and white stripes, bright orange clothing, or any writing on the clothing--as indicia associated with criminal activity. If Susavage's bright orange prison shirt and the writing on it would have been considered as I.R.E. 404(b) evidence by the district court, it is not clear if it would have impacted the ultimate decision regarding admissibility. However, based upon this Court's overall analysis on appeal, the ultimate outcome is not impacted due to the fact that Susavage received a fair trial on the merits.